# Exhibit A

(Sabatini Affidavit)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Clarence Lewis, | Bankruptcy No. 5:19-bk-01873-MJC |
| Clarence Lewis,<br>     Plaintiff | Chapter 13 |
| | Adversary No. 5:19-ap-00116-MJC |
| v. | |
| The Money Source, Inc.,<br>     Defendant | |

## SABATINI AFFIDAVIT

1. Attached as Exhibit 1 is an email string between me and Mario Hanyon.

2. This is a snippet of an email I received from Francis Riley on or about January 22, 2020:



3. Attached as Exhibit 2 is portion of an email string between counsel for the parties. The email string has been modified by (a) removing extraneous material at

the bottom of the string, (b) adding red boxes to pages one and two, and (c) adding green highlighting to page one.

4. In searching my files back to 2010, I have been able to find twelve cases where a fee application was opposed by a defendant.

5. In nine of those cases, the full amount requested was awarded.

6. In the remaining three cases, the amounts awarded were 93%, 92%, and 80% of the amounts requested.

7. In preparing Plaintiff's Reply Brief in Support of Fee Application, I have spent over 32.7 hours of time.

s/Carlo Sabatini  
Carlo Sabatini, PA 83831  
Attorney for Plaintiff  
Sabatini Law Firm, LLC  
216 N. Blakely St.  
Dunmore, PA 18512  
Phone (570) 341-9000  
Email carlo@bankruptcypa.com

Exhibit 1

# Carlo Sabatini

| | |
|---|---|
| **From:** | Mario J. Hanyon <Mario.Hanyon@phelanhallinan.com> |
| **Sent:** | Tuesday, July 30, 2019 10:29 AM |
| **To:** | Carlo Sabatini |
| **Subject:** | RE: 5:19-bk-01873-RNO -Clarence William L Notice of Postpetition Mortgage Fees, Expenses and Charges Rule 3002.1 |

Hey Carlo,

Sorry, we cannot accept service.

**Mario J. Hanyon, Esquire | Litigation Associate**
**Phelan Hallinan Diamond & Jones, LLP**
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
mario.hanyon@phelanhallinan.com
p: 215-563-7000 x31340
f: 215-563-5534

**From:** Carlo Sabatini [mailto:carlo@bankruptcypa.com]
**Sent:** Monday, July 29, 2019 3:36 PM
**To:** Mario J. Hanyon
**Subject:** 5:19-bk-01873-RNO -Clarence William L Notice of Postpetition Mortgage Fees, Expenses and Charges Rule 3002.1

Hi Mario,

I'm going to be sending out a RESPA RFI to obtain information regarding the below Notice because the $900.00 charged seems very high. Are you authorized to receive that for your client? Or, should I instead send it directly to The Money Source, Inc.? Thanks.

Carlo Sabatini
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
carlo@bankruptcypa.com
(570) 341-9000

**From:** PAMB_LiveDB@pamb.uscourts.gov <PAMB_LiveDB@pamb.uscourts.gov>
**Sent:** Wednesday, July 3, 2019 6:11 PM
**To:** Courtmail@pamb.uscourts.gov
**Subject:** Ch-13 5:19-bk-01873-RNO -Clarence William L Notice of Postpetition Mortgage Fees, Expenses and Charges Rule 3002.1

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

# U.S. Bankruptcy Court

# Middle District of Pennsylvania

Notice of Electronic Filing

The following transaction was received from Mario John Hanyon entered on 7/3/2019 at 6:10 PM EDT and filed on 7/3/2019
**Case Name:** Clarence William Lewis, Jr.
**Case Number:** 5:19-bk-01873-RNO
**Document Number:** doc

**Docket Text:**
Notice of Postpetition Mortgage Fees, Expenses, and Charges Rule 3002.1 (Claim # 7) Filed by Mario John Hanyon of Phelan Hallinan & Schmieg on behalf of THE MONEY SOURCE INC. (Attachments: # (1) Certificate of Service) (Hanyon, Mario)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** \\Client\d$\LKR\BK PA\1045685_PPFN.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1009835235 [Date=7/3/2019] [FileNumber=15709793-0
] [aa9fb9d48e5522279ab4687927ac25381dc8b2094ee22a9f62e9ba597a55daf55e0
bd5564999c71712cd19fd2449b1317901102a106f4cdd9f265a7dbb554d15]]
**Document description:** Certificate of Service
**Original filename:** \\Client\d$\LKR\BK PA\1045685_COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1009835235 [Date=7/3/2019] [FileNumber=15709793-1
] [7479444961bf5bcacf54390377f42c06d32be90116ae9f0efcc7b6ee301728631fc
0f582add48d8a657216a43a450aacaf51d64b1937f4e755c7cde760af2bab]]

**5:19-bk-01873-RNO Notice will be electronically mailed to:**

Charles J DeHart, III (Trustee)
TWecf@pamd13trustee.com

Keri P Ebeck on behalf of Creditor Consumer Portfolio Services, Inc.
kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com

Mario John Hanyon on behalf of Creditor THE MONEY SOURCE INC.
pamb@fedphe.com

Carlo Sabatini on behalf of Debtor 1 Clarence William Lewis, Jr.
usbkct@bankruptcypa.com,
kecf@bankruptcypa.com;ivms@bankruptcypa.com;necf@bankruptcypa.com;sabecf@gmail.com;secf@bankruptcypa.com;G62721@notify.cincompass.com

United States Trustee
ustpregion03.ha.ecf@usdoj.gov

**5:19-bk-01873-RNO Notice will not be electronically mailed to:**

Robert Joseph Davidow on behalf of Creditor THE MONEY SOURCE INC.
Phelan, Hallinan, Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

LVNV Funding LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Exhibit 2

# Carlo Sabatini

| | |
|---|---|
| **From:** | Riley, Francis X. <Francis.Riley@saul.com> |
| **Sent:** | Thursday, April 9, 2020 1:49 PM |
| **To:** | Brett Freeman |
| **Cc:** | Haar, Matthew M.; Mishoe, K. Wesley; Carlo Sabatini |
| **Subject:** | Re: Clarence Lewis v The Money Source, Inc.; Motion to Amend |

Sorrry, speaking it my computer didn't pick up the "Not." So to be clear, TMS is NOT going above $7,000.

Francis X. Riley III, Esq.
Saul Ewing Arnstein & Lehr LLP
(609) 452-3150 (O)

Sent from my iPhone. I apologize for typos.

> On Apr 9, 2020, at 1:45 PM, Brett Freeman <brett@bankruptcypa.com> wrote:
>
> Trip,
>
> Was the last sentence of your email a typo, or is your client willing to come above $7,000? If so, how much higher?
>
> You did not respond to my last paragraph about conceding liability. In a case such as this, where liability is clear, it often seems like a quick concession of liability makes the most sense. The Court can then conduct a hearing on damages, and you will have an opportunity to make your argument that any post-offer fees are unreasonable because of the OOJ. Is your client willing to concede liability here?
>
> Brett Freeman
> SABATINI FREEMAN, LLC
> 216 N. Blakely St.
> Dunmore, PA 18512
> (570) 341-9000
> Brett@SabatiniLawFirm.com
>
> -----Original Message-----
> From: Riley, Francis X. <Francis.Riley@saul.com>
> Sent: Thursday, April 9, 2020 12:03 PM
> To: Brett Freeman <brett@bankruptcypa.com>
> Cc: Haar, Matthew M. <matt.haar@saul.com>; Mishoe, K. Wesley <wes.mishoe@saul.com>; Carlo Sabatini <carlo@bankruptcypa.com>
> Subject: Re: Clarence Lewis v The Money Source, Inc.; Motion to Amend
>
> The latest superseding OOJ was $7,000 inclusive of reasonable attorneys' fees that would be awarded. We see no way your client would be awarded the highest amount of the statutory penalty range (he has no actual damages) under both statutes. Thus, even if he was awarded $1,000 under each, which we believe is above what he'd actually get, the fees to your firm are $5,000. Therefore, running up fees after this OOJ was served will be viewed by the Bankruptcy Judge as unreasonable and won't award you any more of the fees you generated beyond date of OOJ. Fee shifting doesn't allow a firm to run up fees to do things that, when looking at the amount Plaintiff could have gotten via OOJ, produced a result no more or perhaps only slightly more than under the OOJ. If you want to argue to the Bankruptcy Judge that thousands

of more fees from this point forward should be awarded even though your client got no more than that under the OOJ or only a couple hundred more, that's your call.
>
> Happy to discuss further, if warranted but we are going higher than $7,000.
>
> Trip
>
> Francis X. Riley III, Esq.
> Saul Ewing Arnstein & Lehr LLP
> (609) 452-3150 (O)
>
> Sent from my iPhone. I apologize for typos.
>
> On Apr 9, 2020, at 11:37 AM, Brett Freeman <brett@bankruptcypa.com> wrote:
>
>
> Trip,
>
> Can you please explain what you mean by "the fees portion of the OOJ is also beyond reasonable"? As you probably know, I had a call with Matt earlier this week, in which I explained that we would accept an OOJ that was for $7,000, plus reasonable attorney's fees (as I explained, the problem with your offer was that it limited fees to the date of the offer, which numerous courts have held does not provide for complete relief in a fee shifting case—see, e.g., Andrews v. Prof'l Bureau of Collections of Maryland, Inc., 270 F.R.D. 205, 208 (M.D. Pa. 2010)). I even provided Matt with a draft version of an OOJ that, if served, we would accept. However, he informed me that your OOJ actually was not meant to include any additional sum for fees, and that the total amount of the offer, inclusive of fees, was $7,000.00. He even sent an offer which he said was meant to supersede the earlier offer. So, I'm not sure why you're now talking about a fee portion of the OOJ if the fee portion of the OOJ was an error that was removed. Which offer are you referring to?
>
> Your refusal to consent to an amended complaint, even though Rule 15 states that such amendments are to be "freely give[n]," does not seem to be based on the likelihood of your client successfully opposing a motion to amend. Rather, it seems to be based solely on your belief that your client provided an offer of complete relief. But, surely your position will not be that, because you believe you have served a "complete" OOJ, you will oppose everything for the remainder of the litigation. For example, will you be taking the position that all discovery is improper, because you have served this OOJ? Or will you take the position that there should not be a trial, for the same reason? Surely you do not believe that the litigation must come to an end based on an unaccepted OOJ (and, to the extent that you do have this belief, you are wrong – see Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016)). We will file our motion to amend the complaint tomorrow, so if you wish to change your mind—thus saving your client the expense of paying for briefing related to an unnecessary motion—please let me know by the end of today.
>
> Additionally, if you truly believe that your offer "fully addresses any reasonable penalty that conceivably could be awarded," then I do not understand why you would not concede liability, and allow the Court to determine the amount of damages. Doing so would be the way to resolve the case in the quickest, and least expensive, manner for your client.
>
> Brett Freeman
> SABATINI FREEMAN, LLC
> 216 N. Blakely St.
> Dunmore, PA 18512
> (570) 341-9000
> Brett@SabatiniLawFirm.com
>
> -----Original Message-----
> From: Riley, Francis X. <Francis.Riley@saul.com>

> Sent: Thursday, April 9, 2020 10:56 AM
> To: Brett Freeman <brett@bankruptcypa.com>
> Cc: Haar, Matthew M. <matt.haar@saul.com>; Mishoe, K. Wesley <wes.mishoe@saul.com>; Carlo Sabatini <carlo@bankruptcypa.com>
> Subject: RE: Clarence Lewis v The Money Source, Inc.; Motion to Amend
>
> TMS will not consent to the filing of the proposed Third Amended Complaint. Your client has been served with an OOJ that fully addresses any reasonable penalty that conceivably could be awarded pursuant to the RESPA and TILA claims given the genesis and subject matter of the letters and the context in which they were sent. Likewise, the fees portion of the OOJ is also beyond reasonable. If your client, who should be the person deciding whether to accept or not, chooses not to accept the OOJ, I am confident that even if he is successful on both of those statutory claim, any attorneys' fees in excess of what is in the OOJ and incurred beyond the date of service will be found by the Bankruptcy Judge to be unreasonable given the amount your client would receive under the OOJ. Please be guided accordingly.
>
> Regards,
>
> Trip
>
> Francis X. Riley III Esq.| Partner
> Co-Chair, Consumer Financial Services Litigation Group
> 650 College Rd. East, Suite 4000 | Princeton, NJ 08540-6603
> Office: 609.452.3150 | Mobile: 609.558.5277 Francis.Riley@saul.com<mailto:Francis.Riley@saul.com> | www.saul.com<http://www.saul.com>
>
>
>
>
> -----Original Message-----
> From: Brett Freeman <brett@bankruptcypa.com<mailto:brett@bankruptcypa.com>>
> Sent: Thursday, April 9, 2020 10:40 AM
> To: Riley, Francis X. <Francis.Riley@saul.com<mailto:Francis.Riley@saul.com>>
> Cc: Haar, Matthew M. <matt.haar@saul.com<mailto:matt.haar@saul.com>>; Mishoe, K. Wesley <wes.mishoe@saul.com<mailto:wes.mishoe@saul.com>>; Carlo Sabatini <carlo@bankruptcypa.com<mailto:carlo@bankruptcypa.com>>
> Subject: RE: Clarence Lewis v The Money Source, Inc.; Motion to Amend
>
> Trip,
>
> Does your client have a decision on the amended complaint? The Court's order required Defendant to inform us as soon as possible regarding this request.
>
> Thank you,
>
> Brett Freeman
> SABATINI FREEMAN, LLC
> 216 N. Blakely St.
> Dunmore, PA 18512
> (570) 341-9000
> Brett@SabatiniLawFirm.com<mailto:Brett@SabatiniLawFirm.com>
>
> -----Original Message-----
> From: Riley, Francis X. <Francis.Riley@saul.com<mailto:Francis.Riley@saul.com>>