UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| **Clarence William Lewis, Jr.,** | : | Case No. 5:19-01873-MJC |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| **Clarence William Lewis, Jr.,** | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding |
| | : | No. 5:19-00116-MJC |
| v. | : | |
| | : | |
| **The Money Source, Inc.,** | : | |
| | : | |
| Defendant. | : | |

# O P I N I O N

## I. INTRODUCTION

This adversary action relates to a lender's failure to timely respond to a debtor's request for information on post-petition attorney fees charged against the debtor's residential mortgage. The matter before the Court is Plaintiff's Petition for Attorney's Fees and Costs ("Fee Petition") seeking $81,678.68 in attorney's fees and $164.61 in costs, which was filed pursuant to a Rule 68 Offer of Judgment settling this adversary proceeding. Defendant disputes the Fee Petition and asserts that no attorney's fees or costs at all should be awarded in connection with the Offer of Judgment. Alternatively, Defendant argues for a total award of $6,000, inclusive of the judgment, attorney's fees, and costs be awarded.

For the reasons stated below, the Court determines that Defendant's Offer of Judgment by its terms agreed to pay attorney's fees and costs, and consequently, the Court will award Plaintiff reasonable attorney's fees and costs.

## II. PROCEDURAL HISTORY

### A. The Bankruptcy Case

On April 30, 2019, the debtor Clarence William Lewis, Jr. ("Debtor" or "Plaintiff") filed his voluntary Chapter 13 bankruptcy petition. On his Schedules filed with his bankruptcy petition, Debtor listed his residence in Taylor, Pennsylvania, with a secured claim in favor of The Money Source, Inc. ("TMS" or "Defendant") in the amount of $143,551.34. *See* Schedule D, Bk. Dkt. # 1.[1] On his Statement of Financial Affairs, Debtor disclosed that TMS instituted pre-petition mortgage foreclosure proceedings against Debtor's residence in the Pennsylvania Court of Common Pleas, Lackawanna County (Case No. 2019-01787). Debtor's Chapter 13 Plan proposed a cure of $13,344.05 in pre-petition arrears to TMS. Debtor confirmed his Chapter 13 Plan on July 24, 2019. Bk. Dkt. # 38. Debtor subsequently received his Chapter 13 discharge on June 1, 2023. Bk. Dkt. # 67.

On July 3, 2019, TMS filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("Notice") pursuant to Federal Rule of Bankruptcy Procedure 3002.1. The Notice included $900 of attorney's fees for review of Debtor's Chapter 13 plan and preparing and filing its proof of claim. In August and September 2019, Debtor's Counsel, Mr. Carlo Sabatini ("Mr. Sabatini" or "Plaintiff's Counsel") sent two letters to TMS requesting, *inter alia*, information regarding the fees charged in connection with the bankruptcy case ("Letters").[2] On October 7, 2019, TMS withdrew the Notice. *See* Bk. Dkt. # 41.

---

[1] Docket entries in the main bankruptcy case are noted as "Bk. Dkt." and all other docket entries refer to this Adversary Proceeding ("Dkt.").

[2] Plaintiff's Counsel also requested a payoff statement and the name and address of the owner of the loan.

## B. The Adversary Proceeding

On November 26, 2019, Plaintiff instituted this adversary proceeding by filing a complaint against Defendant TMS. This proceeding proved to be contentious right from the outset with significant activity at the pleading stage. After TMS filed its initial answer, Plaintiff filed an Amended Complaint. *See* Dkt. # 8 & 9. TMS responded with a motion to dismiss. Dkt. # 13. Plaintiff then sought to stay briefing on the motion to dismiss while he moved to amend the complaint again. *See* Dkt. # 16 & 31. The Court granted Plaintiff's motion to amend, Dkt. # 41, and Plaintiff filed his Second Amended Complaint on May 20, 2020, Dkt. # 42. TMS again moved to dismiss. *See* Dkt. # 44. On October 28, 2020, the Court issued an Opinion and Judgment which granted in part and denied in part TMS' motion to dismiss and granted leave to amend. *See* Dkt. # 55 & 56. As a result, Plaintiff ended up filing his Third Amended Complaint on November 4, 2020. Dkt. # 57.

The Third Amended Complaint alleged two counts – one under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq.*, and one under the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.* – for failing to respond to Debtor's request for information regarding the attorney's fees Defendant included in the Notice. Defendant filed an Answer on December 2, 2020. Dkt. # 58. The parties subsequently engaged in discovery which led to a joint motion for a protective order and a contested motion to compel that required Court intervention. *See* Dkt. # 63 & 65.

The parties then attempted to settle this matter, or at a minimum, narrow the issues through mediation in late 2021 and into early 2022. *See* Dkt. # 94 & 97. The mediation proved to be unsuccessful. S*ee* Dkt. # 100. But, Plaintiff ultimately accepted an offer of judgment on March

3

24, 2022 ("Rule 68 Offer"), and the parties reported they were negotiating an amount for attorney's fees and costs. *See* Dkt. # 103.

After some negotiation, the parties requested another mediation session on the issue of attorney's fees. The matter was again referred to a mediator but the parties had difficulty scheduling a mutually agreeable time and Plaintiff filed a Motion to Compel Defendant to Show Cause for Failure to Schedule Mediation. Dkt. # 109. After a hearing, the Court ordered mediation to take place in September 2022. *See* Dkt. # 115. Ultimately, the parties were not able to resolve all of the attorney's fees and costs at issue, *see* Dkt. # 119 (Report of Mediator), however, the parties filed a stipulation ("Stipulation") that designated certain fees and costs on which they were able to agree, *see* Dkt. # 117.

On November 8, 2022, the Court held a conference to set deadlines for filing a fee application and briefing. Plaintiff's Counsel filed his petition for fees and costs ("Fee Petition") on December 8, 2022. Dkt. # 128. After briefing, the Court held argument on the disputed Fee Petition and took the matter under advisement. The Fee Petition is now ripe for disposition.

### III. THE PARTIES' POSITIONS

Plaintiff's position is fairly straightforward. Plaintiff brought this action asserting violations of TILA and RESPA after TMS failed to timely and adequately respond to Plaintiff's Counsel's Letters seeking certain information relating to attorney's fees being charged against Plaintiff's residential mortgage. Plaintiff accepted the Rule 68 Offer on March 24, 2022. Plaintiff's Counsel asserts that the acceptance of an offer of judgment is clearly a successful outcome entitling Plaintiff to a mandatory award of attorney's fees and costs. *See* Plaintiff's Brief at 2, Dkt. # 129.

4

According to Plaintiff's Counsel, both TILA and RESPA require an award of attorney's fees to a successful plaintiff. *See Id.* Plaintiff's Counsel further points out that the policy under these statutes is to award a disproportionate fee so that consumers can attract and retain competent counsel to represent them in bringing these consumer protection actions. *Id.* at 2-3. Plaintiff's Counsel argues that he attained the maximum statutory damages available to Plaintiff and accordingly, Counsel should be awarded the full fee requested. *Id.* at 4.

Not surprisingly, TMS has a different take on this litigation and the propriety of the Fee Petition. TMS argues that Mr. Sabatini's Letters in August and September 2019 regarding the Notice were all about generating fees for his firm. *See* TMS Brief at 3, Dkt. # 130. TMS posits that it had withdrawn the Notice in October 2019 and disclaimed any entitlement to the $900 in fees and therefore, Mr. Sabatini had no basis to later seek discovery as to those fees. *Id.* TMS claims it sought to settle this matter early on by sending offers of judgment on January 23, 2020 and April 2, 2020. *Id.* at 3-4. But, Mr. Sabatini rejected those offers, instead choosing to drag this matter out for years with little to no benefit to Plaintiff. *Id.* at 4.

TMS disputes Plaintiff's Counsel's contention that TILA and RESPA mandate the recovery of attorney's fees, citing the United States Supreme Court decision in *Marek v. Chesny*, 473 U.S. 1 (1985). *See* TMS Brief at 5-6. TMS argues that under *Marek,* 473 U.S. at 8-9, a Rule 68 Offer of Judgment includes attorney's fees only when the underlying statute defines "costs" to include attorney's fees. *Id.* Because neither statute defines costs as including attorney's fees, no attorney's fees can be awarded.[3] Further, TMS argues that attorney's fees are properly awarded

---

[3] The Court agrees that the underlying statutes involved here do not define attorney's fees as part of costs and therefore, Plaintiff is not entitled to attorney's fees under the "costs" provision of Rule 68. However, as explained below, Plaintiff is entitled to attorney's fees based on the plain language of the Rule 68 Offer. *See Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017) (holding that principles governing statutory fee awards are not applicable when Rule 68 Offer of Judgment explicitly provides for attorney's fees).

5

Case 5:19-ap-00116-MJC    Doc 135    Filed 02/22/24    Entered 02/23/24 08:16:04    Desc
Main Document    Page 5 of 14

under these statutes only upon a finding of a violation under the relevant provisions. *Id.* at 7-8. No finding has been made that TMS failed to comply with the statutes, and therefore, Plaintiff is not entitled to attorney's fees. *Id.*

Alternatively, TMS argues even if attorney's fees are properly awardable, the fees and costs Plaintiff has requested are unreasonable. *See Id.* at 9. TMS alleges that Plaintiff's Counsel manufactured affirmative claims under RESPA and TILA by requesting information that had no value to Plaintiff because he had no reasonable ability to payoff his loan. *See Id.* at 15. TMS suggests that it's very questionable whether Mr. Sabatini provided any real benefit to his client by litigating for two more years and going from a settlement of $7,000 inclusive to $6,000 plus fees and costs.[4] *Id.* at 4. TMS therefore argues that the fees and costs should be limited to no more than provided in the accepted Rule 68 Offer. *Id.* at 18-19. Furthermore, TMS points out that Mr. Sabatini did not exercise reasonable billing judgment or remove duplicate or vague billing entries, etc. and therefore, at the very least, the Fee Petition should be reduced to account for these time entries. *See Id.* at 19.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 68, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7068, provides in part:

> (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party

---

[4] TMS argues that Mr. Sabatini "manufactur[ed] an adversary claim" on "what was more accurately described as a dispute about nothing" and that he was "ginning up" claims to "support his 'loss leader' bankruptcy practice by seeking wholly excessive attorneys' fees." *Id.* at 1. While it does appear as though the motive for requesting the information may be suspect especially after TMS formally agreed to waive the disputed fees, TMS did not offer any evidence to support whether Plaintiff had a good faith basis to request the information or whether Mr. Sabatini "manufactured" the claims which have now been settled in Plaintiff's favor.

an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Rule 68 Offers are a widely utilized tool to achieve settlement of litigation. The Third Circuit has cautioned litigants regarding the implementation of Rule 68 Offers:

> Rule 68 of the Federal Rules of Civil Procedure is intended to promote the amicable resolution of cases. Although it usually serves its intended purpose, Rule 68 presents a trap for the unwary. This trap manifests itself most frequently when a defendant erroneously believes that an accepted Rule 68 offer of judgment finally resolves a civil action, only to be assessed substantial attorney's fees and costs thereafter by the court.

*Lima v. Newark Police Dep't.,* 658 F.3d 324, 326 (3d Cir. 2011).

Once accepted, an offer of judgment becomes a settlement agreement. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995). As such, "Rule 68 offers of judgment are governed by basic principles of contract law." *M3 USA Corp. v. Hart*, 2021 WL 2917374, at *5 (E.D. Pa. 2021); accord *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017); *MCO & EA LLC v. Silver Globe Inc.*, 2023 WL 3478466, at *2 (D. N.J. 2023). The general rule of contract interpretation under Pennsylvania law is "the intent of the parties to a written contract is contained in the writing itself. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence, instead, the meaning of a clear and unequivocal written contract must be determined by its contents alone." *Bohler–Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 92 (3d Cir. 2001) (internal quotations and citations omitted). Any ambiguity in a Rule 68 Offer of Judgment is resolved against the offeror. *M3 USA Corp.*, 2021 WL 2917374 at *5 (citing *Lima*, 658 F.3d at 330). "A contract is ambiguous if it may reasonably be construed in more than one

way." *M3 USA Corp.*, 2021 WL 2917374 at *5. The bottom line is that "[p]laintiffs are entitled to rely on the plain language of the offer [they] accepted." *Miller,* 868 F.3d at 851 (quoting *Erdman v. Cochise Cty.,* 926 F.2d 877, 897 (9th Cir. 1991)).

## V. DISCUSSION

### A. Plaintiff is Entitled to an Award of Attorney's Fees

TMS correctly states in its brief that "[i]t is well-settled that a prevailing party is not entitled to attorneys' fees except under certain limited circumstances." TMS Brief at 4 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975) (referring to this principle as the "American Rule")). One of the exceptions to the American Rule is where there is a contract or statute granting a right to attorney's fees. *In re West Chestnut Realty of Haverford, Inc.*, 186 B.R. 612, 617 (Bankr. E.D. Pa. 1995) (citation omitted). Here, as set forth below, there is a clear and unambiguous contract right and the underlying statutes provide for Plaintiff to recover attorney's fees.

First, Defendant ignores the fact that the Rule 68 Offer is considered a "contract" and argues that TILA and RESPA do not mandate an award of attorney's fees because Lewis was not a "successful plaintiff." *See* TMS Brief at 5. However, both statutes allow an award of reasonable attorney's fees as determined by the court in the case of "any successful action." *See* 15 U.S.C. § 1640(a)(3) (TILA) and 12 U.S.C. §2605(f)(3) (RESPA). Our Supreme Court has determined that a "prevailing party" also termed a "successful party" is "one who been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). The Court made clear that "[a] party in whose favor a judgment is rendered,

8

regardless of the amount of damages awarded" is a "prevailing party" for purposes of the various federal fee-shifting statutes. *Id.* (quoting Black's Law Dictionary 1145 (7th ed. 1999)).

Here, under the Rule 68 Offer, Plaintiff was awarded a $6,000.00 judgment "in satisfaction of all claims." Clearly, he is a prevailing party or has achieved a "successful action" regarding his claims brought under TILA and RESPA. The fact that the judgment was obtained through a Rule 68 Offer or settlement versus through litigation, does not alter that result. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980).

Second, TMS completely ignores that the Rule 68 Offer clearly provides for an award of attorney's fees. The Rule 68 Offer provided:

> Defendant, The Money Source, Inc., pursuant to Federal Rule of Civil Procedure 68, as incorporated by Federal Rule of Bankruptcy Procedure 7068, hereby offers to allow a judgment to be taken against it in satisfaction of all claims by Plaintiff, Clarence Lewis, in the amount of $6,000, **plus an additional amount for costs and reasonable attorney's fees**.

*See* Dkt. # 127, (emphasis added). The Rule 68 Offer also specifically provides that "[t]he parties will attempt to negotiate the amount for costs and attorney's fees" and if not resolved, "then Plaintiff shall file a petition" for the fees. This language leaves no doubt that the parties agreed to award attorney's fees to Plaintiff.

Upon acceptance, TMS' Rule 68 Offer became a settlement agreement. *See Guerrero*, 70 F.3d at 1113. In applying basic principles of contract law, as the Court is obligated to do in analyzing Rule 68 Offers, *see M3 USA Corp.*, 2021 WL 2917374, at *5, the parties' "contract" squarely and unambiguously answers the question of whether Plaintiff is entitled to attorney's fees. TMS' Rule 68 Offer included attorney's fees and Plaintiff accepted. TMS will be held to the terms

9

of the commitment. Accordingly, TMS' argument that no fees should be awarded is without merit.[5]

### B. Plaintiff's Counsel is Entitled to Reasonable Attorney's Fees

Having found that Plaintiff's Counsel is entitled to attorney's fees under the terms of the Rule 68 Offer, the next issue is the amount of the fees to be awarded. In total, the Fee Petition seeks $81,678.68 in attorney's fees and $164.61 in costs.[6] The only parameters to which the parties specifically and contractually agreed in the Rule 68 Offer, was that they must be "reasonable."

In determining a reasonable fee, courts frequently employ the lodestar method. In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[7] After calculating this "lodestar" amount, the court should then determine whether "other considerations" warrant

---

[5] The Court notes that the accepted Rule 68 Offer did not include any temporal limitations, unlike the two prior Offers of Judgment which both limited the award of attorney's fees and costs to the date of the Offer. *See* Dkt. # 130-1 and 130-2. Because there was no language limiting the attorney's fees, an award of fees for time spent after the Rule 68 Offer was accepted is appropriate. *See Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1994) (finding language of Rule 68 Offer of Judgment did not limit attorney's fee award to fees incurred prior to offer). The Rule 68 Offer specifically provided for the parties to attempt to amicably agree to the fees and if unable, Plaintiff was to file a Fee Petition within 30 days. Unfortunately, even though the Rule 68 Offer appears to provide for a simple resolution of the attorney's fees request, the award of fees has turned into a whole new litigation with motions, briefing, another mediation, and hearings. Plaintiff's Counsel billed approximately $26,600 in litigating the attorney's fees.

[6] This amount is comprised of: $56,184.50 for the period August 30, 2019 through March 24, 2022; $5,732.50 for the period March 25, 2022 to October 27, 2022; $4,761.68 for the period of October 28, 2022 through December 8, 2022; and $15,000 for the period from December 9, 2022 through the date of the argument on January 31, 2023.

[7] Here, TMS stipulated that the hourly rates of Plaintiff's professionals are reasonable.

10

increasing or decreasing the lodestar amount. *Id.* at 434. As explained in *Hensley,* these "other considerations" include the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n. 3 (quoting *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Also, the Court must exclude time that is not reasonably expended, which includes excessive, redundant, or otherwise unnecessary hours. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 434)). A party opposing a fee request has the burden to challenge the reasonableness of the fees with sufficient specificity. *M3 USA Corp.*, 2021 WL 2917374 at *6 (citing *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018)); accord *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 715 (3d Cir. 1989). "Once the challenging party does so, the district court has a great deal of discretion to adjust the fee award in light of those objections." *C&D Techs., Inc.*, 897 F.3d at 139 (quoting *Rode*, 892 F.2d at 1183)) (internal quotation marks omitted).

TMS' approach to this Fee Petition has been vexing to say the least. Knowing full well its burden to object, TMS lodged very few objections to specific time entries.[8] Its objection was more

---

[8] The Court expressed its concerns regarding the objection at the hearing:

> It would be helpful to the Court if you did go through and tell me what's wrong with his fees. If you both -- you both seem like you've read the *Badyrka* opinion, and I think I made some effort to go through line-by-line, or pointing out line-by-line what I disagreed with,

11

Case 5:19-ap-00116-MJC    Doc 135    Filed 02/22/24    Entered 02/23/24 08:16:04    Desc
Main Document    Page 11 of 14

generalized and was based on a blanket statement that the professional fees were wholly unreasonable, citing over 183 hours of time spent on Plaintiff's claim that TMS allegedly failed to respond to the Letters.⁹ TMS Brief at 10. TMS cited to several portions of this Court's decision in *In re Badyrka*, 2022 WL 4656034 (Bankr. M.D. Pa. 2022), which reviewed Mr. Sabatini's fee application is an unrelated Chapter 13 case. The main thrust of TMS' argument centered on what TMS characterized as Mr. Sabatini's opportunistic billing practices and "egregious overreach[ing]" and the lack of any benefit the requested information would have provided to Plaintiff. *Id.* at 13. TMS goes so far as to claim that Mr. Sabatini "manufactured affirmative claims under RESPA and TILA by requesting information on behalf of Lewis that was of no actual value to Lewis."¹⁰ *Id.* at 15. TMS does not state a specific amount by which the Petition should be reduced but suggests that Plaintiff's Counsel be limited to no more than provided in the accepted Rule 68 Offer of $6,000. TMS offered no case law in support of this drastic cut.

Because TMS' argument as to the reasonableness of the fees is basically limited to generalized statements regarding excessive time spent, the Court will limit its review of the time entries to that ground. Without the benefit of being involved in the day-to-day litigation between the parties, it is difficult for the Court to determine if any of Mr. Sabatini's time was unnecessary or of no benefit to his client. However, based upon a review of the case docket, the Court's

---

and why I thought they were improper. And I suppose I would have expected more from the Defendant to go after Mr. Sabatini based upon *Badyrka*, and I really don't see that in your papers. You paint with a broad brush, but you don't get into the nitty gritty. And I'm wondering if you're expecting the Court to do that for you.

1/31/23 Transcript at 72.

⁹ The Court tends to agree with TMS that 183 hours of time spent on this matter appears excessive, however, as set forth below, TMS did not identify any specific time entries that were excessive.

¹⁰ TMS references Mr. Sabatini's lack of "good faith" in "manufacturing" Plaintiff's claims but other than general allegations, TMS did not provide any factual basis to support such accusations. The fact that this action was filed after TMS allegedly waived the fees is noted.

12

Case 5:19-ap-00116-MJC    Doc 135    Filed 02/22/24    Entered 02/23/24 08:16:04    Desc
Main Document    Page 12 of 14

experience and a thorough review of the invoices submitted, several time entries appear to be excessive.

During the discovery phase of this litigation, Plaintiff filed a Motion to Compel Discovery on June 29, 2021, Dkt. # 65, with a supporting brief filed on July 9, 2021, Dkt. # 66. Plaintiff's Counsel spent 3.2 hours researching and 15.7 hours drafting the brief. The Court finds the time expended relating to a motion to compel discovery to be excessive and will reduce the fees by twelve hours. The reduction equates to $4,200 ($350/hr. x 12). Plaintiff's Counsel expended 11.5 hours on discussing and drafting the reply brief, Dkt # 77. This too was excessive and the fees will be reduced by 8 hours, *i.e.*, $2,800 ($350/hr. x 8).

TMS objects to 98 entries of .1 hours totaling $4,067. TMS' Brief at 18. Like in *Badyrka*, the Court finds Mr. Sabatini's entries for almost every conceivable communication, no matter how minor, to lack billing judgment and will reduce these entries by 75% or $3,050.25. *See In re Szymczak*, 246 B.R.774, 783 (Bankr. D. N.J. 2000) ("In reviewing Applicant's time records, it appears the Debtors were billed every time Applicant picked up the telephone, uttered the Debtors' name, or looked at the Debtors' case; even where nothing meaningful occurred.").

In November 2022, Plaintiff's Professionals spent a combined 8.3 hours to draft a brief in support of the Fee Petition. The Court finds that the time spent was excessive for a ten-page brief.[11] The fees will be reduced by 3 hours for each attorney, *i.e.*, $2,295 (($415 x 3) + ($350 x 3)).

---

[11] It is noted that Mr. Sabatini has significant experience relating to disputes over the reasonableness of attorney's fees.

Case 5:19-ap-00116-MJC    Doc 135    Filed 02/22/24    Entered 02/23/24 08:16:04    Desc
Main Document    Page 13 of 14

Lastly, Plaintiff's Counsel billed 30.1 hours for the reply brief in support of the Fee Petition, Dkt. # 131. Counsel discounted this amount by 6.8 hours. The Court finds the time expended was still excessive and will reduce the fees by 15 hours, *i.e.*, $6,225 ($415/hr. x 15).

The above disallowed attorney's fees total $18,570.25. Consequently, the Court finds a reasonable attorney fee in this matter is $63,108.43. Because TMS had no opposition regarding the costs in the Fee Petition and the costs appear reasonable, the Court awards $164.61 in costs.

## VI. CONCLUSION

It appears from the outset that TMS knew that Mr. Sabatini would incur substantial fees if this matter was litigated. *See* Dkt. # 131 at 1 (quoting Mr. Riley's email dated January 22, 2020). However, the parties spent several years litigating and then settled via a Rule 68 Offer that contemplated an award of attorney's fees. For the reasons stated above, the Court finds that the March 16, 2022 Rule 68 Offer contractually provided for an award of reasonable attorney's fees and costs. Accordingly, the Court has determined a reasonable attorney fee of $63,108.43 and costs of $164.61 will be awarded.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: February 22, 2024